UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20868-CR-MARTINEZ

UNITED STATES OF AMERICA

v.

WASHINGTON CUNDUMI ESTUPINAN,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** was referred to the undersigned United States Magistrate Judge by the Honorable Judge Jose E. Martinez, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Washington Cundumi Estupinan. Pursuant to that reference, the undersigned conducted a change of plea hearing on February 21, 2019. This Court makes the following findings, and recommends that the guilty plea be accepted and that the Defendant be adjudicated guilty of the offense to which he has pled guilty.

1. At the outset of the hearing, this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by a United States District Judge. The Defendant, the Defendant's

1

attorney, and the government attorney all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and the Defendant acknowledged that he understood each term of the plea agreement and that he had signed the plea agreement. This Court also made certain that the Defendant was aware of the maximum sentence which could be imposed in this case pursuant to that plea agreement and the applicable statutes, including forfeiture and restitution.

5. The Defendant pled guilty to Count 1 of the Indictment. Count 1 charges Defendant with conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b). The Court reviewed the elements of this offense and Defendant indicated that he understood what the Government would have to prove beyond a reasonable doubt in order for him to be convicted of the offense.

6. To set forth the factual basis for the entry of the plea, the Defendant and the Government submitted a written Factual Proffer, which the Defendant acknowledged signing. The Government orally summarized the factual proffer in Court. The factual proffer established all of the essential elements of the crime to which the Defendant is pleading guilty. The Defendant acknowledged that the facts contained in the factual proffer were true, and that he was pleading guilty because he was guilty. The Court advised the Defendant that the statutory

maximum term of imprisonment that may be imposed for this offense is life imprisonment, followed by a supervised release term of up to five (5) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000, restitution, and a mandatory special assessment of $100.00; the Defendant further agreed that under the plea agreement he would forfeit all of his interest in property which constitutes or is derived from proceeds that are traceable to his illegal activities (the government acknowledge no such assets had been identified). The Defendant acknowledged that he understood the possible maximum penalties which could be imposed in his case.

7. The Defendant acknowledged that he is satisfied with his attorney, Helaine Batoff, and that he has had a full opportunity to discuss all facets of his case with her.

8. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. Therefore, this Court recommends that the Defendant be found to have freely and voluntarily entered his guilty plea to count 1 of the indictment, and that the Defendant be adjudicated guilty of that offense.

A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing will be scheduled by the District Court Judge and is scheduled for May 13, 2019, at 1:30p.m.. The Defendant remains in custody pending sentencing.

Therefore, it is hereby

**RECOMMENDED** that Defendant Estupinan's plea of guilty be accepted, that the Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**DONE** and **SUBMITTED** this 21th day of February, 2019.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE